RECEIVED
JAN 1 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES JOHNSON | CIVIL ACTION NO. 05-0394 |
| versus | JUDGE HICKS |
| AMERICAN WATER HEATER CO. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

James Johnson ("Plaintiff") filed this suit against American Water Heater Company ("Defendant") in state court. He alleged that a water heater manufactured by Defendant was defective and caused a fire that resulted in personal injuries and property damage. Defendant removed the case and, in August 2005, propounded written discovery requests. Defendant filed a Motion to Compel in November 2005 that represented Plaintiff had failed to serve responses or objections to the discovery requests, despite the efforts of Defendant's counsel to resolve the matter amicably and two assurances from Plaintiff's counsel that the responses would be served. See Rule 37 Certificate at Doc. 22. The court granted the Motion to Compel and ordered Plaintiff to respond to the written discovery requests "no later than Nov. 14, 2005." Doc. 23.

Defendant filed a Motion to Dismiss (Doc. 24) three days after that deadline. It asks that the court dismiss Plaintiff's complaint with prejudice based on his failure to comply with the discovery order. The motion was noticed for briefing but, as of this writing, Plaintiff has

not filed any opposition or otherwise contacted the court regarding his lack of compliance with the discovery order.

If a party fails to obey an order to provide discovery, the court may make such orders in regard to the failure as are just. F.R.C.P. 37(b)(2). The rule lists some potential remedies, including an order dismissing the action. A dismissal with prejudice, the most harsh remedy, is permitted for violation of a discovery order if: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

The record in this case reflects an unwillingness to respond to basic discovery requests, despite several months of time to do so and a court order. The discovery deadline of January 31, 2006 is quickly approaching under the scheduling order (Doc. 21), but Defendant has not received even the basic information requested in its initial written discovery requests. The misconduct undoubtedly prejudices Defendant, but there is no factual basis to attribute the clear record of delay to the client rather than his attorney. Plaintiff's attorney has not bothered to respond to the motion to dismiss, so his asserted reasons for the failure to answer the discovery are unknown. Under these circumstances, dismissal with prejudice is not warranted, but the lesser sanction of dismissal without

prejudice is appropriate. Neither Defendant nor the court should be required to expend their resources further tending to this case when Plaintiff has paid it no attention since the scheduling order issued and has not even responded to a motion to dismiss his case.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 24)** be **granted** by **dismissing** Plaintiff's complaint **without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 10th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks